IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

Kenneth Roshaun Reid,
Plaintiff,
vs.

United States of America; Judge Cameron McGowan Currie; AUSA Mark Moore; AUSA William Witherspoon; AUSA Tara McGregor; Defense Attorney Christopher A. Wellborn; Defense Attorney Jeffrey P. Bloom; USPO Elizabeth A. Windham,

Defendants.

Civil Action No. 0:26-cv-2707-CMC

**ORDER**

This matter is before the court on Plaintiff's Complaint, brought pursuant to 42 U.S.C. § 1983, alleging Defendants violated his constitutional rights. Dkt. No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(e), D.S.C., the matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings.

On July 15, 2026, the Magistrate Judge entered a Proper Form Order informing Plaintiff the court was not able to authorize service because Plaintiff had not paid the filing fee or filed an application to proceed in forma pauperis, and had not completed summons forms for all defendants named in the case. Dkt. No. 4. The Magistrate Judge warned Plaintiff if he did "not follow the instructions below within the time permitted by this order, this case may be dismissed for failure to prosecute and failure to comply with an order of this court under Rule 41 of the Federal Rules of Civil Procedure." *Id.* at 1.Plaintiff failed to pay the filing fee or file the required documents within the time allowed.

On August 14, 2026, the Magistrate Judge issued a Report and Recommendation ("Report"), recommending this matter be summarily dismissed without prejudice for failing to comply with the court's order. Dkt. No. 9. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff filed a motion for leave to proceed in forma pauperis and a proposed summons.[1] Dkt. Nos. 14, 15.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

[1] The court notes the proposed summons does not comply with the instructions within the Proper Form Order requiring Plaintiff to complete a separate proposed summons for each Defendant. Dkt. No 4 ("**Only one party's name and address should appear on each form.**").

The Report recommends this matter be dismissed for failure to comply with a court order. Dkt. No. 9 at 2. However, Plaintiff has now filed a motion for leave to proceed in forma pauperis, and a proposed summons. Accordingly, Plaintiff has now at least attempted to comply with the court's previous order, and the court declines to dismiss the case for failure to comply.

After considering the record, the applicable law, the Report and Recommendation of the Magistrate Judge, and Plaintiff's filings, the court recommits the matter to the Magistrate Judge for review of the motion for leave to file in forma pauperis and the proposed summons.

**IT IS SO ORDERED.**

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
September 8, 2026